**RECORD NOS. 12-4302(L); 12-4443**

In The

# United States Court of Appeals

## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## YONEL REYES VASALLO, a/k/a Yoni, a/k/a Cuba; MICHAEL ANTHONY HOY, a/k/a Chi-Town,

*Defendants – Appellants.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

_____

## BRIEF OF APPELLANTS

_____

Ferris Ridgely Bond
BOND & NORMAN
777 6th Street, NW, Suite 410
Washington, DC  20001
(202) 682-4100

*Counsel for Appellant Vasallo*

Matthew G. Kaiser
THE KAISER LAW FIRM PLLC
1750 K Street, NW, Suite 200
Washington, DC  20006
(202) 640-2850

*Counsel for Appellant Hoy*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................iv

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ....................................................1

ISSUES PRESENTED FOR REVIEW
BY APPELLANT MICHAEL HOY ......................................................2

ISSUES PRESENTED FOR REVIEW
BY APPELLANT YONEL REYES VASALLO .....................................2

STATEMENT OF THE CASE.................................................................3

    STATEMENT OF THE CASE AS TO APPELLANT HOY .........................3

    STATEMENT OF THE CASE AS TO APPELLANT VASALLO ..............4

STATEMENT OF FACTS ......................................................................5

    STATEMENT OF FACTS AS TO APPELLANT HOY...............................5

    STATEMENT OF FACTS AS TO APPELLANT VASALLO....................8

SUMMARY OF ARGUMENT ..............................................................14

    SUMMARY OF APPELLANT HOY'S ARGUMENT ...............................14

    SUMMARY OF APPELLANT VASALLO'S ARGUMENT ....................15

STANDARD OF REVIEW ...................................................................16

ARGUMENT ..................................................................................17

    ARGUMENT OF APPELLANT HOY ...........................................17

        I.    THE DISTRICT COURT ERRED BY FAILING
              TO RESPOND TO – OR SHOW THAT IT
              CONSIDERED – MR. HOY'S SUBSTANTIAL
              ARGUMENT FOR A LOWER SENTENCE .........................17

        II.   THE DISTRICT COURT ERRED IN IMPOSING
              FINANCIAL RESTRICTIONS AS A
              CONDITION OF SUPERVISED RELEASE IN
              THE ABSENCE OF ANY REASON FOR SUCH
              CONDITIONS ........................................................21

    ARGUMENT OF APPELLANT VASALLO ..............................................25

        III.  THE TRIAL COURT PLAINLY ERRED IN
              TREATING APPELLANT VASALLO'S  USE
              OF HIS TRAINING AND LICENSURE AS A
              TRACTOR TRAILER TRUCK DRIVER TO
              FACILITATE THE COMMISSION OF THE
              OFFENSE  AS AN AGGRAVATING FACTOR
              AND THEREFORE ADDING  TWO LEVELS
              TO HIS RECOMMENDED SENTENCE
              PURSUANT TO U.S.S.G. § 3B1.3 .........................................25

        IV.  THE TRIAL COURT PLAINLY ERRED IN NOT
              CONSIDERING THE DISPARITY IN
              SENTENCES RECEIVED BY DEFENDANT'S
              IN LIKE POSITIONS WHO ENTER PLEAS IN
              DISTRICTS THAT HAVE FAST TRACK
              PROGRAMS.  HAD THE TRIAL COURT DONE
              SO, IT WOULD HAVE DETERMINED THAT A
              SENTENCE OF 60 MONTHS EFFECT THE
              SENTENCING GOALS OF 18 U.S.C. § 3553 .........................28

V.    THE ERROR LISTED ABOVE COMBINED
      WITH THE FACTS THAT WERE PRESENTED
      AT SENTENCING MAKES PLAIN AND
      CLEAR THAT THE SENTENCE OF 95
      MONTHS IS GREATER THAN NECESSARY
      TO MEET THE FOUR EXPRESS PURPOSES
      OF SENTENCING ARE: (1) RETRIBUTION, (2)
      DETERRENCE, (3) INCAPACITATION, AND
      (4) REHABILITATION. IMPOSITION OF A
      SENTENCE OF THE STATUTORY
      MANDATORY MINIMUM OF 60 MONTHS
      WOULD IS SUFFICIENT TO SATISFY THOSE
      FOUR PURPOSES ................................................................30

CONCLUSION ........................................................................31

ORAL ARGUMENT IS REQUESTED ................................................32

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gall v. United States*,
    552 U.S. 38 (2007)..................................................................16, 19

*Rita v. United States*,
    551 U.S. 338 (2007)........................................................18, 19, 20, 21

*United States v. Armel*,
    585 F.3d 182 (4th Cir. 2009) ...................................................22, 24

*United States v. Arrelucea-Zamudio*,
    581 F.3d 142 (3d Cir. 2009) ............................................................29

*United States v. Booker*,
    543 U.S. 220 (2005)..................................................................16, 17

*United States v. Boulware*,
    604 F.3d 832 (4th Cir. 2010) ..........................................................18

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) .....................................16, 18, 19, 21

*United States v. Collington*,
    461 F.3d 805 (6th Cir. 2006) ...................................................25, 31

*United States v. Gallardo*,
    266 F. App'x 468 (7th Cir. 2008)...................................................27

*United States v. Gomez-Herrera*,
    523 F.3d 554 (5th Cir. 2008) ..........................................................29

*United States v. Henry*,
    545 F.3d 367 (6th Cir. 2008) ..........................................................24

*United States v. Jackson*,
No. 10-4117, 397 Fed. Appx. 924 (4th Cir. Oct. 15, 2010) ...................19, 20

*United States v. Layton*,
564 F.3d 330 (4th Cir. 2009), *cert. denied*,
2009 U.S. LEXIS 6486 (2009) ......................................................................16

*United States v. Lewis*,
41 F.3d 1209 (7th Cir. 1994) ......................................................................26

*United States v. Lynn*,
592 F.3d 572 (4th Cir. 2010) ................................................................16, 17

*United States v. Ordonez*,
334 Fed. Appx. 619, 2009 U.S. App. LEXIS 12182 (5th Cir. 2009)............26

*United States v. Perazza-Mercado*,
553 F.3d 65 (1st Cir. 2009).........................................................................22

*United States v. Perez-Pena*,
453 F.3d 236 (4th Cir. 2006) ......................................................................29

*United States v. Rodriguez*,
527 F.3d 221 (1st Cir. 2008)........................................................................29

*United States v. Smith*,
332 F.3d 455 (7th Cir. 2003) ......................................................................26

*United States v. Worley*,
685 F.3d 404 (4th Cir. 2012) ...................................................16, 22, 23, 24

## STATUTES

18 U.S.C. § 1952(a)(3)....................................................................................4

18 U.S.C. § 3231 ............................................................................................1

18 U.S.C. § 3552...........................................................................................30

18 U.S.C. § 3553....................................................................................*passim*

18 U.S.C. § 3553(a) ........................................................................*passim*

18 U.S.C. § 3553(a)(1) .............................................................................22

18 U.S.C. § 3553(a)(2)(B) ........................................................................22

18 U.S.C. § 3553(a)(2)(C) ........................................................................22

18 U.S.C. § 3553(a)(2)(D) ........................................................................22

18 U.S.C. § 3553(a)(6) .............................................................................29

18 U.S.C. § 3583(d)(2) .............................................................................22

18 U.S.C. § 3583(d)(3) .............................................................................22

21 U.S.C. § 841(b)(l)(A) ............................................................................3

21 U.S.C. § 846 ..........................................................................................3

28 U.S.C. § 1291 ........................................................................................1

## RULES

Fed. R. App. P. 3a(1) ..................................................................................1

Fed. R. App. P. 4(b)(1)(A)(i) ......................................................................1

## GUIDELINES

U.S.S.G. § 2K3E1.1(a) ..............................................................................11

U.S.S.G. § 2K3E1.1(b) ..............................................................................11

U.S.S.G. § 3B1.3 .......................................................................*passim*

U.S.S.G. § 3E1.1(a) .....................................................................................8

U.S.S.G. § 3E1.1(b) .....................................................................................8

U.S.S.G. § 5H1.3....................................................................................................31

U.S.S.G. § 5K3.1....................................................................................................28

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The district court had jurisdiction in this case pursuant to 18 U.S.C. § 3231. The appeal of Appellant Yonel Reyes Vasallo, hereinafter "Appellant Vasallo" arises from a guilty plea, sentencing and final judgment entered in criminal case 11-cr-253 and 11-cr-375 in the United States District Court for the Middle District of North Carolina before the Honorable Thomas D. Schroeder. Final Judgment was entered on April 3, 2012. That Judgment was amended due to a clerical mistake on April 11, 2012. (Jt. Apx. at 5).

The Appeal of Appellant Michael Hoy is from a judgment imposing sentence on Michael Hoy on June 4, 2012. (Jt. Apx. at 17).[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1291 which grants jurisdiction of appeals from all final decisions of district courts to the United States Courts of Appeals. This Court has appellate jurisdiction pursuant to F.R.A.P. §§ 3a(1) and 4(b)(1)(A)(i) in that Appellant Vasallo filed timely a pro se notice of appeal, as of right, on April 16, 2012. (Jt. Apx. at 6 and 127) and in that Appellant Michael Hoy filed a timely a notice of appeal on June 11, 2012. (Jt. Apx. at 17).

---

[1] "Jt. Apx." denotes "Joint Appendix", citations to which will be followed by the appropriate page number.

## ISSUES PRESENTED FOR REVIEW
## BY APPELLANT MICHAEL HOY

Issue 1:  For a sentence to be procedurally reasonable, the sentencing court must explain the reasons for its sentence with sufficient detail to show that it considered the arguments of the parties. Here, Mr. Hoy's central argument at sentencing was that his substantial community service justified a lower sentence, yet the district court did not address Mr. Hoy's community service at any time. Was the district court's sentence procedurally reasonable?

Issue 2:  A district court must explain why it imposed a condition of supervised release if the condition isn't related to the offense conduct. In Mr. Hoy's marijuana distribution case, the district court imposed two restrictions on Mr. Hoy's financial life as a part of his supervised release, without explanation. Was the district court's imposition of these conditions of supervised release for no apparent reason proper?

## ISSUES PRESENTED FOR REVIEW
## BY APPELLANT YONEL REYES VASALLO

Whether Appellant Vasallo's sentence of 95 months in prison is greater than necessary, unreasonable and conflicts with sentencing goals of 18 U.S.C. § 3553.

Whether the trial court plainly erred in treating Appellant Vasallo's  use of his training and licensure as a tractor trailer truck driver to facilitate the commission of the offense  as an aggravating factor and therefore adding two levels to his recommended sentence pursuant to U.S.S.G. § 3B1.3.

Whether the trial court plainly erred in not considering the disparity in sentences received by defendant's in like positions who enter pleas in districts which have fast track programs.  Had the trial court done so, it would

2

have determined that a sentence of 60 months effect the sentencing goals of 18 U.S.C. § 3553.

Whether the error listed above combined with the facts that were presented at sentencing makes plain and clear that the sentence of 95 months is greater than necessary to meet the four express purposes of sentencing are: (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation. Imposition of a sentence of the statutory mandatory minimum of 60 months would is sufficient to satisfy those four purposes.

## STATEMENT OF THE CASE

On July 25, 2011, a federal grand jury for the Middle District of North Carolina returned a single-count Indictment against 13 defendants including, Appellants Yonel Reyes Vasallo and Michael Hoy.  The indictment charged that from in or about November 2010, continuing up to and including the present (July 25, 2011), each of the defendants…, conspired to distribute 5 kilograms or more of cocaine hydrochloride (Object One) and conspired to distribute 1,000 kilograms or more of marijuana (Object Two), in violation of  21 U.S.C. §§ 846 and 841(b)(l)(A). (Jt. Apx. at 2, 19, 170).

## STATEMENT OF THE CASE AS TO APPELLANT HOY

On March 6, 2012, Mr. Hoy entered a guilty plea to conspiracy to distribute marijuana. When he was sentenced on May 24, 2012, the other object of the conspiracy – to distribute cocaine hydrochloride – was dismissed. The district court entered a judgment as to Mr. Hoy on June 4, 2012, sentencing Mr. Hoy to 64

months in the custody of the Bureau of Prisons and four years of supervised release with certain special conditions.

Mr. Hoy filed a notice of appeal on June 11, 2012.

**STATEMENT OF THE CASE AS TO APPELLANT VASALLO**

On November 7, 2011, after a debriefing and plea negotiations, the United States Attorney for the Middle District of North Carolina filed a single-count Bill of Information (1:11-cr-375-1) against Appellant Yonel Reyes Vasallo charging that in or about November 2010, up to and including December 2010, Appellant Vasallo with traveling in interstate and foreign commerce with the intent of facilitating the distribution of marijuana, and thereafter carried out the distribution of marijuana, in violation of 18 U.S.C. § 1952(a)(3).  (Jt. Apx. at 23).

On November 8, 2011, Appellant Vasallo appeared before the Honorable Thomas D. Schroeder and entered a plea of guilty to Conspiracy to Distribute Marijuana (not cocaine), and to the Information pursuant to a written plea agreement.  (Jt. Apx. at 45, 51).  The parties agreed to a factual basis for the guilty plea. (Jt. Apx. at 27).

A presentence investigation was ordered and completed. (Jt. Apx. at 70). The guideline range was calculated at 87 months to 108 months of incarceration. (Jt. Apx. at 101, 180).  The charge of conspiring to distribute over 100 kilograms of marijuana carries a minimum mandatory sentence of 5 years. (Jt. Apx. at 180).

4

On March 26, 2012, the parties appeared before Judge Schroeder for sentencing. (Jt. Apx. at 98). Appellant Vasallo was sentenced to be incarcerated for 95 months in Case 11-cr-253 and for 60 months in 11-cr-375-1. The sentences were ordered to run concurrently. The Judge also ordered a period of 4 years of supervised release in Case 11-cr-253-10 to run concurrently with 3 years of supervised release ordered in 11-cr-375-1. The government's motion to dismiss the other object, conspiracy to distribute cocaine was dismissed. (Jt. Apx. at 111-112).

A timely pro se notice of appeal was filed on April 16, 2012. (Jt. App. at 6, 127).

## STATEMENT OF FACTS

## STATEMENT OF FACTS AS TO APPELLANT HOY

Mr. Hoy pled guilty to conspiracy to distribute marijuana. (Jt. Apx. at 74). His plea agreement made him subject to a mandatory minimum term of imprisonment of five years. (Jt. Apx. at 74-75).

The Presentence Report calculated Mr. Hoy's sentencing guidelines range as 60-71 months. (Jt. Apx. at 137). The parties agreed that this was the appropriate guidelines range. (Jt. Apx. at 137).

In support of a request at the very bottom of the sentencing guidelines range, Mr. Hoy's counsel provided substantial evidence that Mr. Hoy had a significant history of being engaged in community service activities.

In his written submission before the sentencing hearing, Mr. Hoy's counsel included a section discussing of the 18 U.S.C. § 3553(a) factors relevant to Mr. Hoy's sentencing. (Jt. Apx. at 225). This entire section – virtually every fact provided in support of the "3553(a) considerations" – dealt with Mr. Hoy's generosity and community involvement. (Jt. Apx. at 225-227). In particular, Mr. Hoy is described as a "giver and not a taker," (Jt. Apx. at 225), and as a man "with a heart as big as a cow," (Jt. Apx. at 226) (quoting a letter attached to the memo). The sentencing memorandum also detailed Mr. Hoy's organization of softball games in his community, his contributions to children's sports programs, and his work with younger people housed in the same county jail where he was detained before sentencing. (Jt. Apx. at 225-27). It included letters in support of Mr. Hoy that detailed his involvement with his community. (Jt. Apx. at 231-38).

Mr. Hoy's community involvement was a focus of his counsel's presentation at sentencing. In particular, Mr. Hoy's counsel described how Mr. Hoy would organize a Father's Day softball game in Chicago and would "make sure that all the kids participated." (Jt. Apx. at 140). His counsel additionally explained that when Mr. Hoy was living in Atlanta, he not only bought uniforms for a little league football team, but he also spent time supporting the kids on the team. (Jt. Apx. at 141). Mr. Hoy's lawyer also told the sentencing court how Mr. Hoy helped his

6

cousin when she lost both her father and brother in a short span of time. (Jt. Apx. at 141).

Indeed, Mr. Hoy himself, when allocuting before the district court, asked the court to consider his considerable community service, referring to the following: "the children in Atlanta" and how he was "responsible for their football uniforms," (Jt. Apx. at 150); "the fathers of 119th Street and 123rd Street in Chicago where he put together Father's Day games," (Jt. Apx. at 150); and "the little kids in Philadelphia where we would put together the back-to-school parades and give out paper and pens and stuff for them," (Jt. Apx. at 151).

Though Mr. Hoy's community service was brought to the district court's attention in three different presentations, the district court did not discuss Mr. Hoy's argument that his extraordinary community service strongly suggested that he should receive a lower sentence. Ultimately, the district court imposed a sentence above what Mr. Hoy requested: 64 months' imprisonment. (Jt. Apx. at 151-52).

In addition, the district court imposed special conditions of supervised release, two of which are at issue in this appeal: that Mr. Hoy submit financial information to his probation officer after his release; and that he is prohibited from opening new lines of credit without permission from his probation officer. (Jt. Apx. at 154; 163).

The district court issued a judgment on June 4, 2012. (Jt. Apx. at 17).  Mr. Hoy timely filed a notice of appeal on June 11, 2012. (Jt. Apx. at 17).

**STATEMENT OF FACTS AS TO APPELLANT VASALLO**

Appellant Vasallo entered a written plea agreement wherein he admitted to committing the offenses of conspiracy to distribute 100 kilograms or more of marijuana and also interstate travel with the intention to facilitate the promotion, management, or carrying on of a distribution of a mixture or substance containing a detectable amount of marijuana.  (Jt. Apx. at 45).[2] The agreed facts were as follows:

> During in our about November 2010… the Drug Enforcement Administration…initiated an investigation into the drug smuggling and distribution activities of a cocaine and marijuana trafficking organization …in the Middle District of North Carolina ..[using] … cooperating sources.. cooperating witnesses.., physical surveillance, Title III electronic surveillance, drug seizures and money seizures… (Jt. Apx. at 27-28)
>
> [Appellant Vasallo was identified by a coconspirator] … as a drug and money courier for the organization… responsible for transporting at least two loads of marijuana from Texas to the MDNC…[and] hundreds of thousands of dollars in drug proceeds back to Texas for the drug organization, during 2010.(Jt. Apx. at 29-30)

---

[2] The agreement also contained a provision requiring the government to dismiss the other object, conspiracy to distribute cocaine at sentencing.  It also provided for a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and an additional 1 level decrease U.S.S.G. § 3E1.1(b) if the guideline was 16 or higher.

> On November 20, 2010, [a search of Appellant Vasallo's Vasallo's vehicle pursuant to a traffic stop] …resulted in the seizure of $329,623 in United States currency from a hidden compartment in the vehicle.
>
> On December 5, 2010, REYES VASALLO was stopped … while operating a tractor-trailer [resulting] in the seizure of $300,630 in United States currency from a hidden compartment in the trailer portion of the rig.
>
> On December 10, 2010, surveillance officers… observed Vasallo and his uncle constructed a hidden compartment in a tractor-trailer rig ….
>
> (Jt. Apx. at 33, 40, 41).

The additional facts available at sentencing revealed the following:

Appellant Vasallo's involvement in the conspiracy lasted only one month. Appellant Vasallo voluntarily left the conspiracy. (Jt. Apx. at 102). Appellant Vasallo's involvement earned him $135,000. (Jt. Apx. at 104).

An arguably more culpable coconspirator, Gonzalez, was sentenced to 70 months.  Because he was safety valve eligible, his sentence was then reduced further.  (Jt. Apx. at 105).

Appellant Vasallo, age 26, a native of Cuba, fled to the United States and was apprehended by the Border Patrol in Dania Beach, Florida, on March 19, 2004 as he was getting off a raft. He gained lawful status as a Cuban Parolee, and subsequently received status as a lawful permanent resident alien approximately

one year later. Appellant Vasallo became a naturalized United States citizen 6 ½ years later on October 21, 2010. (Jt. Apx. at 105, 176).

Appellant Vasallo's childhood in Cuba was difficult. His family was poor and only had the basic necessities of life. His father left the family when he was a young child. (Jt. Apx. at 177).

Vasallo completed secondary school (high school) in Havana, Cuba, at the age of 17. He attended the University of Havana in Havana, Cuba, for one year, majoring in Business Administration. Upon his arrival in the United States, He attended and graduated from Roadmaster Driver's School in Tampa, Florida on October 7, 2007, with a GPA average of 94.0. Thereafter, he obtained his Commercial Driver's License thereby authorizing him to operate tractor trailer trucks. (Jt. Apx. at 177-178).

From the time of his arrival in this country to the date of his arrest, Appellant Vasallo maintained continuous gainful employment. He has worked as a tile layer, a courier for DHL, a self employed truck driver, an interstate truck driver employed by All Point Transportation Service, and as an independent contractor working as a truck driver for KLLM Transport services. (Jt. Apx. at 178-179).

No member of Appellant Vasallo's immediate family has a criminal record or history of substance abuse. (Jt. Apx. at 177).

10

Appellant Vasallo has no assets and a negative net worth of -$1,656.00 owing money to a credit card company, a collection account and for a cell phone. (Jt. Apx. at 180).

Appellant Vasallo's criminal history score was zero. His prior involvement with the criminal justice system involved minor traffic violations, a deferred prosecution in 2005 for Petit Theft that was nolle prossed and an arrest for alien admissibility when he entered the country on raft from Cuba. (Jt. Apx. at 176).

The offense level under the sentencing guideline was calculated to be 29. The base level for the offense was 30. Appellant Vasallo's offense level was increased 2 points because used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. Specifically, the presentence report with no explanation concluded Appellant Vasallo utilized his training and licensure as a tractor trailer truck driver to facilitate the commission of the offense; therefore, two levels are added. U.S.S.G. § 3B1.3. Appellant Vasallo was given a 3 point reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 2K3E1.1(a) & (b) (Jt. Apx. at 175). Appellant Vasallo was determined to have a criminal history score of zero thereby placing him in criminal history category I. (Jt. Apx. at 176). The guideline range was calculated at 87 months to 108 months of incarceration. (Jt. Apx. at 101, 180).

11

At sentencing Appellant Vasallo made no objections to the presentence report.   All matters in it were adopted as findings of fact. (Jt. Apx. at 100).

Appellant Vasallo's attorney argued

> …prior to this, [Appellant Vasallo] had no criminal record, no evidence of drug use. He's got one child, age 3, who lives with her mother. The child's mother indicates that he is a great father and supports his family…his involvement in the overall conspiracy was not substantially great. His involvement was over a brief period of time … At that point, he apparently voluntarily left the conspiracy…At the time of the offense, he was also a self-employed truck driver. After leaving the conspiracy, he was able to obtain employment through truck-driving companies.  We would ask the Court to impose a sentence of 87 months, which is the bottom of the range…  (Jt. Apx. at 102)

Appellant Vasallo addressed the court and indicated

> …the fact was I did find myself in a problematic economic situation, a bad situation at that time, and that's why I made that decision to do that; but, in reality, I didn't think that my participation was so big or so major as to receive the kind of time that I am going to receive. (Jt. Apx. at 108)

The trial judge held a sentence with in the guideline range was appropriate.

The trial Judge noted in his holding:

> **THE COURT:** …I am going to impose a sentence of 95 months in this case.  I do that noting the nature and circumstances of the offense. The defendant transported or delivered proceeds for 784 kilos of marijuana, made multiple trips. Inexplicably, he was stopped by law enforcement, had money seized, and kept engaging in this conduct. I would have thought that would have been

12

a sufficient scare for most people to convince them not to engage in the conduct; but not only did he engage in the transportation after he was stopped the first time on November 20, four days later, he's observed by law enforcement as they are constructing a trap inside of a tanker to continue the operation. And then on December 5, 2010, a week and a half or so later, he is stopped again with $300,630 in U.S. currency. So there is definitely convincing evidence that the defendant was deliberately engaged in this activity and continued, notwithstanding some warning, and not only continued to drive, but his involvement was a little more than that because he is helping, or at least observed, as they are making these changes to the trailer… He is a high school graduate. He's only 26 years old, old enough to know better, but a young man. I've considered the fact of how you got to the United States, and it is unfortunate for you that you engaged in this conduct, given the fact that you became a naturalized U.S. citizen. You do have employment history. That's a mitigating factor in my view, legitimate employment. You have no criminal history. It is a wonder that you got involved in this activity. I have noted the need for the sentence to reflect the seriousness of this offense, noting your role, as I have indicated; to provide respect for the law and provide just punishment, particularly given the fact, as to the just punishment, that you continued to be involved even after being stopped by law enforcement. So when I arrive at all of those -- or consider all of those, I arrive at 95 months. So it is therefore ordered that you be committed to the custody of the United States Bureau of Prisons for a term of 95 months. That's 95 months in Case 11CR253-10 and 60 months in 11CR375-1 to run concurrently. That will be followed by a period of 4 years of supervised release in Case 253-10, 3 years of supervised release in 375-1. Those shall run concurrently as well.  (Jt. Apx. at 109, 110, 111).

# SUMMARY OF ARGUMENT

## SUMMARY OF APPELLANT HOY'S ARGUMENT

A district court, when imposing sentence, is obligated to adequately explain the reasons for the sentence imposed. If a person being sentenced raises an argument for a lower sentence, the district court should create a record sufficient to show that it considered that argument and rejected it – if the court rejects the argument.

Here, Mr. Hoy offered a significant argument that his substantial community service should reduce his prison sentence. The district court, apparently, rejected this argument, but failed to discuss it – or even acknowledge that it had been made – when imposing sentence. The court's failure to follow the procedural requirements of sentencing requires remand.

The district court also imposed two conditions of supervised release that were unaccompanied by any explanation in the record or basis in the facts before the sentencing court. Mr. Hoy was convicted of a drug crime. There was no indication of any financial misconduct. Yet, the district court, without a request by the government or any explanation, imposed conditions requiring Mr. Hoy to submit financial information to a probation officer and prohibiting Mr. Hoy from obtaining credit without prior approval from probation.

When imposing a condition of supervised release, this Court has consistently held that a district court has to explain why the condition is justified if the condition isn't related to the offense of conviction. The district court simply failed to provide such an explanation and, as a result, failed to follow the law. Consequently, these conditions of supervised release should be vacated.

**SUMMARY OF APPELLANT VASALLO'S ARGUMENT**

The District Court's Sentence of Appellant Vasallo to 95 Months should be reversed because it is greater than necessary, unreasonable, and conflicts with the sentencing Goals of 18 U.S.C. § 3553 in that,

The trial court plainly erred in treating Appellant Vasallo's use of his training and licensure as a tractor trailer truck driver to facilitate the commission of the offense as an aggravating factor and therefore adding two levels to his recommended sentence pursuant to U.S.S.G. § 3B1.3.

The trial court plainly erred in not considering the disparity in sentences received by defendant's in like positions who enter pleas in districts that have fast track programs. Had the trial court done so, it would have determined that a sentence of 60 months effect the sentencing goals of 18 U.S.C. § 3553.

The error listed above combined with the facts that were presented at sentencing makes plain and clear that the sentence of 95 months is greater

15

than necessary to meet the four express purposes of sentencing are: (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation. Imposition of a sentence of the statutory mandatory minimum of 60 months would is sufficient to satisfy those four purposes.

## STANDARD OF REVIEW

This Court reviews a district court's ultimate sentencing decision for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 594 (2007).

In reviewing a sentence for substantive reasonableness, this Court applies a "deferential abuse-of-discretion standard." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38 (2007)). *See also United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009), *cert. denied*, 2009 U.S. LEXIS 6486. Similarly, a challenge that a sentence is procedurally unreasonable is reviewed for an abuse of discretion. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

A challenge to a condition of supervised release is also evaluated under an abuse of discretion standard. *United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012).

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system was unconstitutional, *id.*

16

at 233, 236, 242, and excised a portion of the statute that created the Guidelines, thereby making "the Guidelines effectively advisory." *Id.* at 245. As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges," but "permits the court to tailor the sentence in light of other statutory concerns as well," most specifically the sentencing mandate as put forth by 18 U.S.C. § 3553(a). *Id.* at 245-46.

Absent procedural error, the U.S. Supreme Court has generally held that appellate courts can review unpreserved claims only for plain error. If an error is not properly preserved, appellate court authority to remedy the error is strictly circumscribed to plain-error review. *United States v. Lynn*, 592 F.3d 572, 2010 U.S. App. LEXIS 1927, HN 12 (4th Cir. 2010).

## ARGUMENT

## ARGUMENT OF APPELLANT HOY

**I.    THE DISTRICT COURT ERRED BY FAILING TO RESPOND TO – OR SHOW THAT IT CONSIDERED – MR. HOY'S SUBSTANTIAL ARGUMENT FOR A LOWER SENTENCE.**

Mr. Hoy presented substantial information about his deep and sustained involvement in community organizations. Every opportunity Mr. Hoy had to communicate to the district court about sentencing contained a description of his community involvement; it was the most significant portion of his sentencing

presentation. Mr. Hoy's community work was presented in the written submission to the district court. His work with children was the basis for his counsel's remarks at the sentencing hearing. Mr. Hoy himself directly told the court about his community involvement and how it affected him. Mr. Hoy's community service was the central theme of his presentation to the district court.

The district court ignored all of it.

Instead of discussing these meaningful and extraordinary community activities, the district court failed to even give an indication that it had heard this information, much less considered it as an argument for the sentence requested by Mr. Hoy's counsel. Instead, the district court briefly discussed other factors, then imposed a sentence above the sentence requested by Mr. Hoy. Mr. Hoy's sentence, as a result, is procedurally unreasonable.

A district court must show that it considered the parties' arguments when it determined what sentence to impose. "Although a court need not necessarily issue a comprehensive, detailed opinion, the court's explanation must nonetheless be sufficient "to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *United States v. Boulware*, 604 F.3d 832, 837 (4th Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)); *see also United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009).

18

Responding to the arguments made by the parties "not only allows for meaningful appellate review but it also promote[s] the perception of fair sentencing." *Carter*, 564 F.3d at 328 (internal quotations from *Gall*, 552 U.S. at 50, omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence" – as Mr. Hoy did here by arguing that his community service was a meaningful mitigating factor – "a district court should address the party's arguments and explain why he has rejected those arguments." *Carter*, 564 F.3d at 328 (internal quotations from *Rita*, 551 U.S. at 357, omitted). In this context, the district court commits procedural error when it "fail[s] to adequately explain the chosen sentence." *Carter*, 564 F.3d at 328 (quoting *Gall*, 552 U.S. at 51).

Here, the district court did not show that it considered Mr. Hoy's arguments that his sentence should be lower because of his substantial community service. As a result, Mr. Hoy's sentence is procedurally unreasonable and should be remanded. *Carter*, 564 F.3d at 328 (quoting *Gall*, 552 U.S. at 51) ("Procedural errors [in sentencing] include . . . failing to adequately explain the chosen sentence.").

In many ways, this case is very similar to the unpublished case from this Court in *United States v. Jackson*, No. 10-4117, 397 Fed. Appx. 924 (October 15, 2010 4th Cir.). There, the sentencing court imposed a sentence within the

19

sentencing guidelines range without addressing Mr. Jackson's particular sentencing arguments. *Jackson*, 397 Fed. Appx. at 925.

On appeal, this Court rejected the district court's approach, holding that "the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the guidelines range." *Id.* at 925 (citing *Rita*, 551 U.S. at 356-57).

As in *Jackson*, the district court in this case declined to respond to Mr. Hoy's specific and detailed argument that his community service counseled in favor of a lower sentence. Instead, the district court simply ignored significant evidence of Mr. Hoy's substantial community service, including organizing softball games in Chicago, supporting an Atlanta children's football program by contributing his time and money, and his work supporting his family members in crisis. Content to rely on a sentence within the sentencing guidelines, the district court here, like the district court in *Jackson*, did not meet its obligation to respond to Mr. Hoy's central argument in favor of a lower sentence on the record.

That the sentence imposed was within the guidelines range does not render it presumptively reasonable here, as this is a challenge to the procedural reasonableness of the sentence. Indeed, "[a]n appellate court may presume that a within-Guideline sentence is *substantively* reasonable, but 'the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence

20

should apply.'" *Carter*, at 330 n. 2 (quoting *Rita*, 551 U.S. at 351). "[T]he district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the Guidelines range." *Id.*

Because the district court failed to address Mr. Hoy's argument that his substantial community involvement should reduce his sentence – or even show that it heard and considered the argument – the sentence was procedurally unreasonable. Accordingly, the case should be remanded for resentencing.

## II. THE DISTRICT COURT ERRED IN IMPOSING FINANCIAL RESTRICTIONS AS A CONDITION OF SUPERVISED RELEASE IN THE ABSENCE OF ANY REASON FOR SUCH CONDITIONS.

After announcing the term of imprisonment that Mr. Hoy will be required to serve, the district court went on to say that:

> In addition to the standard conditions of your supervised release, it's further ordered that you provide any requested financial information to your probation officer; that you not incur any new credit charges or open additional lines of credit without the approval of your probation officer . . . .

(Jt. Apx. at 154).

The district court gave no indication of why it was imposing these additional and onerous conditions on Mr. Hoy. This is especially troubling given that Mr. Hoy was convicted of a drug crime, not a financial crime.

21

This Court has already articulated the standards that apply to a district court when imposing conditions of supervised release:

> A sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors, which include considering "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); providing "adequate deterrence," *id.* § 3553(a)(2)(B); "protect[ing] the public from further crimes," *id.* § 3553(a)(2)(C); and providing the defendant with training, medical care, or treatment, *id.* § 3553(a)(2)(D). The condition must also be consistent with the Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(3).

*United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012).

Additionally, conditions of supervised release "must involve no greater deprivation of liberty than is reasonably necessary to achieve the goals enumerated in § 3553(a)." *United States v. Armel*, 585 F.3d 182, 185 (4th Cir. 2009) (internal quotation of 18 U.S.C. § 3583(d)(2) omitted).

As this Court made clear in *Worley*, "[a] particular restriction does not require an "offense-specific nexus," *United States v. Perazza-Mercado*, 553 F.3d 65, 70 (1st Cir. 2009), but the sentencing court must adequately explain its decision and its reasons for imposing it." *Worley*, 685 F.3d at 407 (citing *Armel*, 585 F.3d at 186).

*Worley* identifies two ways a condition of supervised release can be justified: (1) if it has an "offense-specific nexus;" or (2) if it is explained by the

district court on the record. Here, neither path for justifying a condition of supervised release is present.

First, this is, of course, a drug crime, not a financial crime. While some drug crimes can have a significant financial component – such as a money laundering conviction in connection with drug distribution, the district court gave no reason to think that this is such a case. There is simply no nexus between drug distribution and probation office monitoring of Mr. Hoy's finances or credit.

Second, the district court did nothing to explain these financial conditions – which are restrictions on Mr. Hoy's liberty – on the record. The record is absolutely silent on why the sentencing court thought it necessary to impose these conditions.

Because there was no justification for these conditions of supervised release, they were improperly imposed.

*Worley* is instructive. There, the district court imposed conditions on the defendant without explaining why they were necessary. *Worley*, 685 F.3d at 409. This Court determined that even though "there may be evidence within the record demonstrating that such conditions are warranted to advance the[] broader goals of supervised release," the conditions were vacated and the case was remanded for the district court to do the work of explaining how the conditions were justified. *Id.* As

in *Worley*, the work of justifying the conditions of supervised release was not done by the district court here.

This case is perhaps most like this Court's prior opinion in *Armel*. There, when sentencing a man for making threats to federal officials, the sentencing court imposed a condition of supervised release prohibiting the man from possessing pornography. *Armel*, 585 F.3d at 185. The government did not request this condition and did not defend it on appeal. *Id.* at 186 n. 4. The district court provided no explanation for why a child pornography restriction was warranted. *Id.* at 186.

The *Armel* court described the pornography restriction as "particularly inexplicable" in the absence of any statement by the district court of why it was justified or appropriate. 585 F.3d at 186. As a result, the Court vacated this special condition and remanded for resentencing. *Id*. at 186-87.

Similarly, here, the district court failed to explain why the special conditions restricting Mr. Hoy's ability to manage his finances were justified or appropriate. Because the district court's action deprived this Court of "sufficient information about the justifications offered for the sentence imposed in order to conduct a meaningful review," *Armel* at 186 (quoting *United States v. Henry*, 545 F.3d 367, 386 (6th Cir. 2008)), the conditions should be vacated and the case remanded for resentencing.

**ARGUMENT OF APPELLANT VASALLO**

The overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," and to comply with the four express purposes of sentencing.  That mandate is not just another factor to be considered along with the others set forth in the statute. Instead, it sets an independent limit on the sentence a court may impose.  *See United States v. Collington*, 461 F.3d 805, 813 (6th Cir. 2006).  Imposition of a sentence that is greater than necessary to meet those purposes is reversible.  *Id.* The four express purposes of sentencing are: (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation.

Here the sentence of 95 months should be reversed because it is greater than necessary, unreasonable, and conflicts with the sentencing goals of 18 U.S.C. § 3553 for the following reasons.

> **III.    THE TRIAL COURT PLAINLY ERRED IN TREATING APPELLANT VASALLO'S  USE OF HIS TRAINING AND LICENSURE AS A TRACTOR TRAILER TRUCK DRIVER TO FACILITATE THE COMMISSION OF THE OFFENSE  AS AN AGGRAVATING FACTOR AND THEREFORE ADDING  TWO LEVELS TO HIS RECOMMENDED SENTENCE PURSUANT TO U.S.S.G. § 3B1.3.**

The presentence investigation erroneously concluded that Appellant Vasallo used a special skill, in a manner that significantly facilitated the commission or

concealment of the offense. Specifically that he utilized his training and licensure as a tractor trailer truck driver to facilitate the commission of the offense. Two levels were added to his offense level pursuant to U.S.S.G. § 3B1.3.

Because no objection was made to the presentence report, the court should review the matter under a plain error standard.

Though it has been held that commercial truck driving is a special skill for purposes of U.S.S.G. § 3B1.3. *See United States v. Ordonez*, 334 Fed. Appx. 619, 2009 U.S. App. LEXIS 12182 (5th Cir. 2009) (unpublished); *United States v. Smith*, 332 F.3d 455, 458-60 (7th Cir. 2003); *United States v. Lewis*, 41 F.3d 1209, 1214 (7th Cir. 1994), that does not end the inquiry. More is required. Possession of a CDL is a "special skill," that triggers the sentencing enhancement under § 3B1.3 only if it "significantly facilitated" the underlying offense.

Here the agreed statement of facts plainly indicated that Appellant Vasallo's commercial driver's license was not used in a significant way to facilitate the concealment of the marijuana or money. The marijuana could just as easily been transported by passenger automobile or van. The compartment where the money was stored could just as easily been made in a passenger automobile or van.

Driving a passenger automobile or van does not require a special license or skill. Nor did Appellant Vasallo's commercial driver's license facilitate the ability to conceal money or marijuana.

26

As the 7th Circuit noted in *United States v. Gallardo*, 266 F. App'x 468 (7th Cir. 2008) (unpublished).

> Perhaps it was easier to hide that amount of cocaine in that bunk than in the trunk of an ordinary sedan, but the government concedes that Gallardo could have done so. In order for the Guideline for use of a special skill to apply, that use must do more than merely aid in the concealment of the offense; it must *significantly facilitate* the concealment of the offense. *See U.S.S.G. § 3B1.3*. To apply the Guideline to Gallardo would  read this language out of the Guideline, and that we will not do. *Id.* at 469.

Though he had a special skill as a commercial truck driver, Appellant Vasallo had no special skill to assist in the concealment of marijuana or money.

Though the presentence report noted Appellant Vasallo's special skill as a commercial truck driver, it did not and could not show how such a skill significantly facilitated the conspiracy to distribute marijuana.

As in Gallardo, Supra, the trial court plainly erred in factoring in a 2 point upward enhancement erroneously concluding that Appellant Vasallo utilized his training and licensure as a tractor trailer truck driver to facilitate the commission of the offense.

Has there been no 2 point upward enhancement, Appellant Vasallo's guideline range would have been a level 27 exposing him to a recommended sentence of 70 to 87 months.

The treatment by the court below of Appellant Vasallo's CDL  as an aggravating factor or enhancement was plain error.

**IV.    THE TRIAL COURT PLAINLY ERRED IN NOT CONSIDERING THE DISPARITY IN SENTENCES RECEIVED BY DEFENDANT'S IN LIKE POSITIONS WHO ENTER PLEAS IN DISTRICTS THAT HAVE FAST TRACK PROGRAMS.  HAD THE TRIAL COURT DONE SO, IT WOULD HAVE DETERMINED THAT A SENTENCE OF 60 MONTHS EFFECT THE SENTENCING GOALS OF 18 U.S.C. § 3553.**

Some Districts, but not all, use fast-track programs to induce quick guilty pleas in some drug cases and immigration reentry cases. These programs allow for downward departures to give defendants sentencing concessions in exchange for a prompt guilty plea and the waiver of procedural rights such as the right to appeal. *See* U.S.S.G. § 5K3.1.

The Districts that have such programs enter into agreements giving up to a four-level downward departure. U.S.S.G. § 5K3.1

The Middle District of North Carolina has no fast track program.  Indeed this court has held that the lack of a fast track program is not a ground for a

downward departure.[3]  *United States v. Perez-Pena*, 453 F.3d 236 (4th Cir. 2006).

The Third Circuit has held that the fast-track consideration should not be limited to Section 3553(a)(6), but rather the judge should "consider a variance under the *totality* of the [Section] 3553(a) factors (rather than one factor in isolation) . . . [and] a variance would be reasonable in an appropriate case."  *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 149 (3d Cir. 2009).

The Judge below did not consider that disparity as a part of the totality of circumstances under § 3553(a) to arrive at a just sentence.

Appellant Vasallo presents the appropriate case envisioned by *Arrelucea-Zamudio*, *supra*.  Appellant Vasallo's early plea, criminal history score of zero, involvement for only one month in the conspiracy and steady employment record all justify such a four level reduction lowering his offense level from 30 to 26. With a criminal history category of I, Appellant Vasallo's guideline range would be 63 to 78 months.  Reducing Mr. Vasallo's offense level the agreed 3 more

---

[3] There is a Circuit split as to whether the lack of a fast track program represents an appropriate ground on which to vary from a Guideline sentence. The Fifth Circuit has held that the sentencing disparities resulting from fast track do not reflect the sort of disparity by which a sentencing court may vary from the guideline range. *United States v. Gomez-Herrera*, 523 F.3d 554, 562 (5th Cir. 2008). In contrast, the First and Third Circuits have held that the fast track disparity is precisely the sort of disparity permitting a below-guideline sentence. *See United States v. Arrelucea-Zamudio*, 581 F.3d 142, 149 (3d Cir. 2009); *United States v. Rodriguez*, 527 F.3d 221, 229 (1st Cir. 2008) (holding that "consideration of fast-track disparity is not categorically barred as a sentence-evaluating datum within the overall ambit of 18 U.S.C. § 3553(a)").

points for accepting responsibility would lower guideline score below of 46-57 months which is below the statutory minimum of 60 months.

Because no objection was made to the presentence report, the court should review the matter under a plain error standard.

The trial court plainly erred. A sentence of 60 months of incarceration would comply with the sentencing goals of 18 U.S.C. § 3552.

> ### V. THE ERROR LISTED ABOVE COMBINED WITH THE FACTS THAT WERE PRESENTED AT SENTENCING MAKES PLAIN AND CLEAR THAT THE SENTENCE OF 95 MONTHS IS GREATER THAN NECESSARY TO MEET THE FOUR EXPRESS PURPOSES OF SENTENCING ARE: (1) RETRIBUTION, (2) DETERRENCE, (3) INCAPACITATION, AND (4) REHABILITATION. IMPOSITION OF A SENTENCE OF THE STATUTORY MANDATORY MINIMUM OF 60 MONTHS WOULD IS SUFFICIENT TO SATISFY THOSE FOUR PURPOSES.

After arriving in this country penniless on a raft in 2004, Appellant Vasallo pulled himself up from his bootstraps. Despite having a limited ability to speak English, he obtained gainful employment. He entered and finished school where he learned how to drive large trucks. He has a criminal history score of zero. Significantly, for one short month, at a time when he had financial problems, he participated in a drug conspiracy as a courier of both drugs and money. He is married and an excellent father.

Sixty months of incarceration satisfies the goal of retribution and deterrence and incapacitation. The goal of rehabilitation has already been satisfied in that Appellant Vasallo voluntarily left to other members of the conspiracy on his own. Thereafter, Appellant Vasallo worked as a truck driver until the time of his arrest.

Imposition of a sentence that is greater than necessary to meet those purposes is reversible. In accordance with *United States v. Collington*, *supra*, Appellant Vasallo's sentence should be reversed.

## CONCLUSION

For these reasons, Appellant Hoy asks to vacate his sentence and vacate the financial restrictions made a condition of supervised release and remand the matter to the district court for a new sentencing hearing.

For these reasons, Appellant Vasallo asks the Court to review his sentence for substantive reasonableness. He asks the Court to find that his sentence of 95 months is reversible. He asks the Court to vacate that sentence and remand the matter to the district court for a new sentencing hearing, with language or instructions concerning the unreasonableness of a sentence of 95 months in this particular case, that Appellant Vasallo did not use his skill as a commercial to truck driver to significantly facilitate the conspiracy and instructions that the court should consider his inability to plead under a fast track program in accordance with U.S.S.G. § 5H1.3 in determining his sentence.

31

**ORAL ARGUMENT IS REQUESTED**

Appellants Hoy and  Vasallo respectfully submit that oral argument in his

matter is necessary.  Accordingly Appellant Hoy and Vasallo request oral

argument to permit the Court to understand and rule on the issues raised.

Respectfully Submitted,

Yonel Vasallo

BY: */s/ Ferris Ridgely Bond*
                Counsel

Michael Hoy

BY: */s/ Matthew G. Kaiser*
                Counsel

Ferris Ridgely Bond, Esquire
Bond & Norman
777 Sixth St., NW, #410
Washington, DC 20001
(202) 682-4100
Facsimile: (202) 207-1041
ferrisbond@bondandnorman.com

Counsel for Appellant Yonel Vasallo

Matthew G. Kaiser, Esquire
THE KAISER LAW FIRM PLLC
1750 K Street, NW, Suite 200
Washington, DC 20006
(202) 640-2850
Facsimile: (202) 280-1034
mkaiser@tklf.com

Counsel for Appellant Michael Hoy

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
      28.1(e)(2) or 32(a)(7)(B) because:

      [ X ] this brief contains [*7,334*] words, excluding the parts of the brief
      exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [    ] this brief uses a monospaced typeface and contains [*state the number
      of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
      32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [ X ] this brief has been prepared in a proportionally spaced typeface using
      [*Microsoft Word 2007*] in [*14pt Times New Roman*]; or

      [    ] this brief has been prepared in a monospaced typeface using [*state
      name and version of word processing program*] with [*state number of
      characters per inch and name of type style*].


Dated: October 16, 2012            /s/ Ferris Ridgely Bond
                                   *Counsel for Appellant Vasallo*


                                   /s/ Matthew G. Kaiser
                                   *Counsel for Appellant Hoy*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of October, 2012, I caused this Brief of Appellants and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Sandra J. Hairston
OFFICE OF THE U.S. ATTORNEY
101 South Edgeworth Street
Greensboro, North Carolina  27401
(336) 333-5351

*Counsel for Appellee*

I further certify that on this 16th day of October, 2012, I caused the required copies of the Brief of Appellants and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the sealed volumes of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Ferris Ridgely Bond
*Counsel for Appellant Vasallo*

/s/ Matthew G. Kaiser
*Counsel for Appellant Hoy*